UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LARRY WATKINS,

    Plaintiff,

v.

WARDEN CHERRY LINDAMOOD, et al.,

    Defendants.

Case No. 1:16-cv-00092

Chief Judge Crenshaw
Magistrate Judge Newbern

## MEMORANDUM AND ORDER

Plaintiff Larry Watkins has filed an unopposed motion entitled "Motion to Present Facts of Civil Rights Violations by Lindermoot, Woodall, Letney, Hacker, Casteel, Pevahouse." (Doc. No. 24, PageID# 116–19.) He seeks the Court's leave to supplement his complaint with the allegations presented in which he "re-names defendant Lindermood after the Court dismissed Lindermood previously and also names a new Defendant Woodall, Deputy [Tennessee Department of Correction (TDOC)] Commissioner for violation of plaintiff's USCA Rights." (*Id.* at PageID# 120.) The motion focuses on a disciplinary charge Watkins received on September 22, 2016, related to possession of a cellphone and the subsequent disciplinary hearing regarding that charge.

This "Motion to Present Facts of Civil Rights Violations" was subsequently re-filed verbatim by Watkins (Doc. No. 57), but with an addendum which noted as follows:

> Also since the write up on 9-22-16 I've been falsely written up 3 more times, had witness[es] and got the disciplinary thrown out. Also on 8-26-17 my cellmate had something blocking the window[;] they charge both of us in the cell but my cellmate took the charge. It [is] the same thing that happen[ed] on 9-22-16 my cellmate had a phone but just one of us in the cell got charge[d]. Policy [was] not follow[ed]. . . .

1

(*Id.* at PageID# 412.) Defendants Letney, Hacker, Casteel, and Pevahouse opposed the second filing of this motion, arguing that the relief Watkins seeks would be improper or futile. (Doc. No. 59.)

The Court construes these filings as motions to amend or supplement the complaint. For the following reasons, the motions (Doc. Nos. 24 and 57) are DENIED.

## I.  Background

Watkins filed this 42 U.S.C. § 1983 action on October 26, 2016, against Defendants Warden Cheryl "Linda Mood"; C/O Letney; "D-Board Hearing" Officer Brenda Pevahouse; Sgt. Hacker; Unit Manager Casteel; and Asst. Warden Eric Bryant. (Doc. No. 1, PageID# 1, 4.) Watkins, who is African American, alleges that Defendants discriminated against him during his incarceration at South Central Correctional Facility (SCCF) on the basis of his race when they disciplined him for possession of a cell phone, but did not discipline his cellmate, who is of a different race. (Doc. No. 1, PageID# 4–5.)

### A.  The Allegations of Watkins's Complaint

In his complaint, Watkins states that, on September 22, 2016, Defendant Letney called him a "monkey." (Doc. No. 1, PageID# 4.) When Watkins asked Letney for a grievance to report this, Letney responded, "ain't none." (*Id.*) Later that day, Letney "came around to [Watkins's] cell at the Annex at S.C.C.F.," where Watkins's "cellmate had a phone showing it to [him]." (*Id.*) Watkins told his cellmate, inmate Lyles, "to get the phone out [of] the cell." (*Id.*) Letney was "in the [cell's] window looking" and "[h]e busted into the cell saying give it to me." (*Id.*) Watkins said, "I have nothing." (*Id.*) Letney "kept looking and located [the phone] on i/m Lyles['s] shelf." (*Id.*) Letney then "got on his walkie talkie" and "called Sgt. Hacker." (*Id.*) Watkins told them, "I have nothing."

(*Id.* at PageID# 4–5.) Hacker handcuffed Watkins and took him to the front office; then, joined by a counselor with a video camera, Hacker took Watkins to the clinic. (*Id.* at PageID# 5.)

According to Watkins, "[p]olicy states [that] any such item found in a cell or room is presumed to be in the possession of all occupants of that housing space." (*Id.*) Nonetheless, "Lyles did not get charge[d], and Defendants instead charged Watkins, "the black man," because of the earlier incident with Letney. (*Id.*) Watkins further alleges that "the same day[,] two black inmates got charge[d] with the same" possession of contraband, and "they brought both to the compound." (*Id.*)

During the subsequent disciplinary board hearing regarding the cellphone charge, Letney was asked where he observed the phone and replied that it was "in [Watkins's] hand." Letney also stated that Watkins put the phone in the "back pocket of [his] TDOC . . . blues." (*Id.*) Watkins responded that Letney was lying, saying "I had on greys[,] get the video camera." (*Id.*) The disciplinary board hearing officer Brenda Pevahouse told Watkins that the "tapes were recorded over" and that not giving Watkins the tapes was not a violation of due process (*Id.*)

Watkins also alleges that Correctional Corporation of America, the former operator of SCCF, "has no control," resulting in inmates "killing each other, gang members jumping on racial [and] smart mouth guards." (*Id.*) If the gang members "fight each other," they "go to segregation for 3 days[,] then they are back together sticking [and] killing at CCA." (*Id.*) He contends that CCA "steal[s] money from [the] federal gov[ernment]" by "taking money for federal project that they do not do." (*Id.*) He also states that "they [are] paying Board of Parole" and that "[t]hey hire straight off the streets[,] no experience here," with "[g]uards bring[ing in] drugs [and] contraband." (*Id.*) In a letter filed on November 15, 2016, Watkins also included a "Complaint on Asst

Comm[issioner] Woodall," objecting to Woodall's handling of the appeal of his disciplinary conviction. (Doc. No. 5, PageID# 42.)

## B. Procedural History

Upon initial review pursuant under the Prison Litigation Reform Act, the Court dismissed Watkins's claims against Defendants Lindamood and Bryant, finding that "Plaintiff does not allege any facts of their personal involvement in the facts alleged in the complaint." (Doc. No. 7, PageID# 53.) The Court also dismissed Defendant Woodall on the basis "that a mere denial of a prisoner's grievance does not state a constitutional claim." (Doc. No. 7, PageID# 54.) In addition, the Court found that Watkins's allegation that Letney called him a "monkey" did not "state a claim against Defendant Letney and should be dismissed" because verbal abuse alone does not violate the Eighth Amendment. (*Id.* at PageID# 55.) With respect to Watkins's allegations regarding gang activity and safety, the Court concluded that they failed to state a claim because Watkins did not "allege any plausible facts of actual harm or threats to him." (*Id.* at PageID# 56.)

The Court found, however, that Watkins stated "plausible claims against Defendants Letney, Hackner, Casteel and Pevahouse for race-based violations of the Fourteenth Amendment" based on their dissimilar treatment of two inmates found with a prohibited cell phone in their shared cell. (*Id.* at PageID# 56–57.) Watkins's procedural due process claim against Pevahouse based on her "den[ying Watkins] from presenting a video recording of the events at issue" was also allowed to proceed. (*Id.* at PageID# 57.)

On January 23 and October 10, 2017, respectively, Watkins filed the instant motions seeking the Court's leave to file an amended or supplemental pleading that renamed Woodall and Lindamood as defendants and included slightly different factual allegations from the original

complaint. (Doc. Nos. 24 and 57.)[1] Defendants responded in opposition to the October 10, 2017 filing. (Doc. No. 59.)

**II.     Legal Standard**

A court reviews a motion for leave to amend a pleading under Federal Rule of Civil Procedure 15(a)(2), which provides that a court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate is to be heeded" and is based upon the premise that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This deferential standard is balanced by the court's discretion to deny leave to amend based on undue delay, bad faith or dilatory motive, or futility of amendment. *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009); *Foman*, 371 U.S. at 182. The standard applied to motions to amend a pleading under Rule 15(a) also applies to motions to supplement a pleading. *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).

Amendment is futile when the proposed amendment would not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations" but must include more than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[1]     When referring to the substance of Watkins's near-identical motions, the Court will cite the first motion filed, Docket Entry No. 24.

5

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Finally, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under § 1983, a plaintiff may bring "a cause of action against any person who, under color of state law, deprives [him] of any right, privilege, or immunity secured by the Constitution and federal law." *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996).

### III. Analysis

Watkins wants to amend his complaint to rename Lindamood and Woodall as defendants and include factual allegations about their role in considering the appeal of his disciplinary conviction. (Doc. No. 24, PageID# 118–20.) In his proposed amended complaint, Watkins alleges that "Lindamood continued to treat plaintiff with racial discrimination" by upholding his conviction for possession of a cellphone despite the fact that his cellmate was not also charged. (*Id.* at PageID# 118.) According to Watkins, Lindamood "just simply chose to cover her employee's back and violate plaintiffs due process of law rights and to discriminate with prejudice against [him] because [he is] a Black African American compared to [his] cell partner Lyles who is a white male Caucasian inmate protected by Lind[a]mood's racism." (*Id.*)

6

As for Woodall, Watkins alleges that, when he appealed his disciplinary conviction to Woodall, Woodall exhibited "prejudice and racism" because he did not read "the disciplinary report which could have determined without any doubt that" Watkins "did not place a cell phone in his back pocket as al[leg]ed by SCO Hacker because plaintiff did not have any back or front pockets on the sweat pants he was wearing and the cell phone was not found in plaintiff's pockets or anywhere in his possession." (*Id.* at PageID# 119.) For this reason, "coupled with the fact that inmate Lyles[,] a white male in the cell with the plaintiff[,] was not written a disciplinary report charge of possession of a cell phone," Watkins alleges that "Woodall refused to do the right thing and dismiss and remand the disciplinary conviction." (*Id.*) In short, Watkins states that Woodall and Lindamood "both possessed the authority to stop the racism toward Plaintiff and correct their wrong by the dismissal of the disciplinary conviction which was racially motivated by defendants but the defendants refused to stop the racial discrimination." (*Id.*)

The proposed amendments fail to state a claim and therefore would be futile. First, an official-capacity claim for damages against Lindamood and Woodall "is equivalent to a claim against the entity that employs them." *Malone v. Corr. Corp. of Am.*, No. 3:13-cv-1212, 2013 WL 6498067, *7 (M.D. Tenn. Dec. 11, 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, a claim against Woodall in his official capacity is essentially a claim against TDOC, a subdivision of the State of Tennessee, which is immune from suit under the Eleventh Amendment. *See Primm v. Tenn. Dep't of Corr.*, No. 3:15-cv-00230, 2017 WL 1210066, at *5 (M.D. Tenn. Mar. 31, 2017).

A claim against Lindamood in her official capacity is a claim against CCA, the entity that employs her. The standards for determining municipal liability under § 1983 also apply to claims against private corporations that operate prisons. *Malone*, 2013 WL 6498067, at *7. To establish

7

municipal liability, an "entity's policy or custom must have played a part in the violation of federal law." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citation and internal quotation marks omitted). Watkins's proposed amendment contains no allegations regarding any policy or custom, nor does he allege that CCA played any other role in causing the alleged violation of his rights. Both official-capacity claims would therefore be futile.

Individual-capacity claims against Woodall and Lindamood likewise could not succeed on these facts. "[A]llegations of direct involvement in constitutional deprivations are necessary in order to hold an individual defendant liable under 42 U.S.C. § 1983." *Parker v. Corr. Corp. of Am.*, No. 3:12-cv-00893, 2012 WL 4481471, *6 (M.D. Tenn. Sept. 26, 2012). In addition, there is no inherent right to appeal a disciplinary conviction. *See Boles v. Weist*, No. 87-1862, 1988 WL 58866, at *1 (6th Cir. June 10, 1988) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction."); *Blair v. Thompson*, No. 5:16-CV-P35-TBR, 2017 WL 161638, at *2 (W.D. Ky. Jan. 13, 2017); *Harrison v. Seay*, 856 F. Supp. 1275, 1281 (W.D. Tenn. 1994). Because the denials of Watkins's appeals do not give rise to a claim under § 1983, and because Watkins does not allege that Lindamood or Woodall took any other independent action that violated his federal rights, his proposed individual-capacity claims against them also would be futile. *See Green v. Howard*, Nos. 3:13-cv-0020, 3:12-mc-00084, 2013 WL 140609, at *1–2 (M.D. Tenn. Jan. 10, 2013) (dismissing claim based on his failure to investigate a disciplinary appeal); *Parker*, 2012 WL 4481471, at *7.

Finally, with respect to the addendum presented in Watkins's more recent motion (Doc. No. 57, PageID# 412–14), he alleges that since the write-up on September 22, 2016, he has been falsely charged by unnamed individuals with disciplinary violations on three occasions, but successfully opposed the charges. He further alleges that, on August 26, 2017, he was initially

charged along with his cellmate for a disciplinary violation due to an item blocking the window to their cell, but that the charge against him was dropped and his cellmate "took the charge" alone, in violation of TDOC policy. (*Id.*) The disciplinary report attached to this addendum lists the reporting officer as "C/O Prescott." (*Id.* at PageID# 413–14.) The facts underlying these allegations may be evidence in support of Watkins's claims, but they do not state claims upon which relief may be granted.

IV. **Conclusion**

For the foregoing reasons, Watkins's Motions to Present Facts of Civil Rights Violations (Doc. Nos. 24, 57) are DENIED.

The Clerk is also DIRECTED to terminate Doc. No. 52 (Watkins's "Motion to Present Facts of Civil Rights Violation by Core-Civic, Lindamood, Woodall, Letney, Hacker, Casteel, Pevahouse") as a pending motion. The Court construes it and will consider it as a response to Defendants' summary judgment motion.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge